United States Bankruptcy Court for the:

MIDDLE DISTRICT OF ALABAMA

Case number *(if known)* _____ Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | JHC Pharmacy, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | DBA  Jackson Apothecary<br>DBA  Jackson Apothecary Main<br>DBA  Jackson Apothecary-Prattville |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1758 Park Place**<br>**Montgomery, AL 36106**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Montgomery**<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   **https://www.jackson.org/apothecary/**

6. **Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

| Debtor | JHC Pharmacy, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ■ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3254__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. Check **all** that apply:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

| Debtor | JHC Pharmacy, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Jackson Hospital & Clinic, Inc. | | Relationship | **Affiliate** | |
| District | **Middle District of Alabama** | When | **2/03/25** | Case number, if known | **25-30256** |

**11. Why is the case filed in *this district*?**  *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99               ☐ 5001-10,000        ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000      ☐ More than 100,000
■ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ■ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | JHC Pharmacy, LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ■ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | JHC Pharmacy, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 3, 2025**
MM / DD / YYYY

**X /s/ Allen Wilen**
Signature of authorized representative of debtor

**Allen Wilen**
Printed name

Title **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X /s/ Derek F. Meek**
Signature of attorney for debtor

Date **February 3, 2025**
MM / DD / YYYY

**Derek F. Meek**
Printed name

**Burr & Forman LLP**
Firm name

**420 North 20th Street, Suite 3400**
**Birmingham, AL 35203**
Number, Street, City, State & ZIP Code

Contact phone **(205) 251-3000**   Email address **dmeek@burr.com**

**ASB-4255-C52D AL**
Bar number and State

# JHC PHARMACY, LLC
# UNANIMOUS WRITTEN CONSENT
# OF BOARD OF MANAGERS
# IN LIEU OF SPECIAL MEETING, FEBRUARY 3, 2025

The undersigned, being all of the Managers of JHC Pharmacy, LLC, an Alabama limited liability company (hereinafter, the "Company"), unanimously agree in writing pursuant to § 10A-5A-4.07, Code of Alabama 1975 and Section 7.i. the Operating Agreement of the Company, to the following actions in lieu of a Special Meeting of the Managers.

WHEREAS, the Company is an Alabama limited liability company, the sole member of which include Jackson Hospital & Clinic, Inc. ("Jackson").

WHEREAS, the Company operates one or more outpatient retail pharmacy locations, the finances and operations or which are integrally related to those of Jackson;

WHEREAS, pursuant to the resolution attached hereto as Exhibit "A" (the "Jackson Resolution"), Jackson has determined that it is in desirable and in the best interests of Jackson and the communities and patients it serves, as well as Jackson's creditors, employees, and other parties in interest, that Jackson file or cause to be filed a voluntary petition seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code"); and

WHEREAS, based upon the financial and operational relationship between Jackson and the Company and the specific authorizations and approvals contained in the Jackson Resolution, the Managers of the Company, in consultation with Jackson's and the Company's financial, legal, and other advisors, and in consideration of all the applicable facts and circumstances, have determined that it is desirable and in the best interests of the Company, its creditors, employees, and other parties in interest that the Company similarly file or cause to be filed a voluntary petition seeking relief under the provisions of Chapter 11 of Title 11 of the Bankruptcy Code.

NOW THEREFORE, BE IT RESOLVED by the Board of Managers of the Company as follows:

1. That in the judgment of the Managers of Company, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Alabama (the "Bankruptcy Court");

2. That the Chief Restructuring Officer of Jackson and each of the Managers of the Company (each an "Authorized Person" and collectively, the "Authorized Persons") are authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify all petitions under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court and to commence any ancillary or related proceedings as may be necessary or appropriate to effectuate the restructuring of the Company in conjunction with the

restructuring of Jackson, and cause to be filed all documents in furtherance thereof, at such time as such Authorized Person or Authorized Persons executing the same shall determine;

3. That each Authorized Person is authorized, empowered, and directed, in the name and on behalf of the Company, to negotiate, enter into, execute, deliver, certify, file, record, and perform, or cause to be negotiated, entered into, executed, delivered, certified, filed, recorded, and performed, any and all petitions, schedules, lists, motions, certifications, agreements, instruments, affidavits, acknowledgments, applications, including, without limitation, applications for approvals or rulings of governmental or regulatory authorities, pleadings, or other documents and to take, or cause to be taken, such other actions, as in the judgment of such Authorized Person shall be or become necessary, advisable, proper, or desirable in connection with the Company's Chapter 11 case, such Authorized Person's performance of any such act and his or her execution and delivery of any such document, agreement, or instrument to be conclusive evidence of the Authorized Person's approval thereof;

4. That the Company and the Authorized Persons be further authorized, empowered, and directed to take such further actions on behalf of the Company in furtherance of the Chapter 11 cases consistent with the authorizations and approvals pertaining to Jackson contained in the Jackson Resolution, including without limitation:

    a. To negotiate and obtain the use of cash collateral or other similar arrangements, or to participate in such cash collateral or other similar arrangements as may be negotiated and obtained by Jackson, in amounts reasonably necessary for the continuing conduct of the affairs and operations of the Company in its Chapter 11 case; and

    b. To retain legal, financial, investment banking, and other advisors to represent the interests of the Company as provided in the Jackson Resolution;

5. That the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper, or desirable to prosecute to a successful completion of the Chapter 11 case, including implementing the foregoing Resolutions and the transactions contemplated by these Resolutions;

6. That the Authorized Persons be, and each of them hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing Resolutions;

7. That the omission from these Resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing

Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing Resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing Resolutions; and

8. That all lawful acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done by any Authorized Person or any director, employee, legal counsel, or other representative of or advisor to the Company, in the name and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these Resolutions were certified, are hereby in all respects approved and ratified.

The Managers, by their execution and delivery of this Unanimous Written Consent, hereby waive any and all requirements of notice of the time, place, and purpose of a special meeting of the Managers to take the actions specified in the foregoing Resolutions.

This Unanimous Written Consent may be executed in two or more counterparts, each of which shall be an original, but all of which shall constitute one and the same instrument.

This Unanimous Written Consent may be executed by facsimile or other electronic signature and such facsimile or other electronic signature shall be the binding signature of the signing party.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**

IN WITNESS WHEREOF, the undersigned, being all of the Managers of JHC Pharmacy, LLC, do hereby unanimously consent to the adoption of the foregoing Resolutions and all actions taken in accordance therewith, and have hereunto set their hands as of the day and year first written above.

**MANAGERS**

_____
Gina Anderson

_____
Thomas Cobb

EXHIBIT "A"

TO THE
UNANIMOUS WRITTEN CONSENT
OF BOARD OF MANAGERS

JACKSON RESOLUTION

See attached.